UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REZA JAFARI, | Civil No. 12cv2982 LAB(RBB) |
| Plaintiff, | ORDER DENYING AS MOOT PLAINTIFFS' MOTION TO COMPEL |
| v. | DEPOSITION AND PRODUCTION OF DOCUMENTS AND RESERVING THE |
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for LA JOLLA BANK, | RULING ON PLAINTIFFS' REQUEST FOR REASONABLE EXPENSES [ECF NO. 80] |
| Defendants. | |

   This is an action for breach of contract, unjust enrichment, and equitable subrogation arising out of a short sale of residential property located in Rancho Santa Fe, California. (Compl. 1-4, ECF No. 1.)  On October 29, 2014, Plaintiffs Reza Jafari and First American Title Insurance Company ("Plaintiffs") filed a Motion to Compel Deposition and Production of Documents and for Reasonable Expenses [ECF No. 80].  Plaintiffs seek an order compelling the completion of the deposition of Defendant Federal Deposit Insurance Corporation as Receiver for La Jolla Bank, FSB (the "FDIC-R") and the production of 1788 documents.  (Pls.' Mot.

Compel Attach. #1 Mem. P. & A. 16,[1] ECF No. 80.) Plaintiffs also request that the Court order FDIC-R to pay $4,345 for Plaintiffs' expenses in bringing this Motion to Compel. (Id. at 17.)

On November 17, 2014, Defendant FDIC-R opposed Plaintiffs' motion as "unnecessary," claiming that it has produced the discovery items at issue on November 12, 2014, and will have produced its witness for a deposition on November 21, 2014, before the December 1, 2014 hearing date on Plaintiffs' Motion. (FDIC Opp'n Pls.' Mot. Compel 4, 12, ECF No. 81.) Defendant argues that because there is nothing more for the Court to compel the FDIC-R to produce, the Plaintiffs' motion is moot and should be denied. (Id. at 12.) FDIC-R also points out that Plaintiffs' motion is untimely because it was not brought within thirty days of the date when the parties' dispute arose. (Id. at 9.) Finally, Defendant argues that it should not be ordered to pay expenses Plaintiffs incurred in bringing their motion. (Id. at 13-15.)

Plaintiffs filed a Reply in Support of Motion to Compel [ECF No. 82] on November 24, 2014, arguing that their motion was "a necessary catalyst in obtaining this discovery in a timely fashion," and that although FDIC-R produced documents following the filing of the motion, the production is incomplete and contains extensive redactions. (Pls.' Reply Supp. Mot. Compel 1, 4, 6, ECF No. 82.)

A hearing on Plaintiffs' Motion to Compel was set for December 1, 2014. The Court determined the matter to be suitable for

---

[1] The Court will cite to Plaintiffs' Memorandum of Points and Authorities, Defendant's Response in Opposition, and Plaintiffs' Reply using the page numbers assigned by the electronic case filing system.

1  resolution without oral argument, submitted the motion on the
2  parties' papers pursuant to the Local Civil Rule 7.1(d), and
3  vacated the motion hearing [ECF No. 88].  For the following
4  reasons, the Court DENIES as moot Plaintiffs' Motion to Compel
5  Deposition and Production of Documents.  The Court reserves its
6  ruling on Plaintiffs' request to award expenses in bringing the
7  Motion.

### I.  THE PARTIES' DISCOVERY DISPUTE

9       After Plaintiffs served their initial discovery requests on
10 FDIC-R, the parties agreed to produce documents pursuant to a
11 protective order, which was approved by the Court on December 12,
12 2013 [ECF No. 44].  By July 2014, believing they received all
13 relevant materials, Plaintiffs scheduled depositions.  (Pls.' Mot.
14 Compel Attach. #2 Dec. Heather Herd 4, ECF No. 80.)  FDIC-R's
15 deposition was noticed for August 15, 2014; however, the day
16 before, Defendant notified Plaintiff that additional relevant
17 documents have been discovered and would need to be gathered and
18 produced.  (Id.)  Defendant asked for additional time to review and
19 produce the newly found materials, and asked to postpone the
20 deposition, which Plaintiffs opposed.  (Id. at 5.)  Eventually
21 FDIC-R agreed to conduct the first session of the deposition on
22 August 15, 2014, as scheduled, and produce the witness again after
23 the documents were gathered and turned over to Plaintiffs.  (Id.)
24      FDIC-R began to collect the relevant documents, but the
25 process took longer than expected.  (See FDIC Opp'n Mot. Compel 6,
26 ECF No. 81.)  The September 15, 2014 discovery deadline was
27 approaching, and FDIC-R requested an extension of discovery dates
28 [ECF No. 74].  Plaintiffs did not oppose the request [ECF No. 76],

1  and the Court gave the parties until December 15, 2014, to complete
2  all fact discovery [ECF No. 79].
3       With this deadline in mind, Plaintiffs' counsel repeatedly
4  asked FDIC-R for the date it would produce the documents so that
5  the continued deposition could be scheduled.  (Pls.' Mot. Compel
6  Attach. #2 Dec. Heather Herd 6, ECF No. 80.)  In a phone
7  conversation on September 17, 2014, Defendant's counsel represented
8  that the documents were being reviewed for privilege, but could not
9  offer a date certain for production or for scheduling a deposition.
10 (Id.)  The lawyers continued to communicate by email from September
11 22 through September 30, 2014.  Plaintiffs were not satisfied with
12 Defendant's continued assurances, however, and on September 26,
13 2014, they served a deposition notice and subpoena to produce
14 documents directly on FDIC-R.  (Id. Attach. #6 Ex. D.)  Defendant
15 objected to the subpoena to produce documents on various grounds,
16 including attorney-client privilege and attorney work product
17 doctrine.  (Id. Attach. #8 Ex. F, at 67-78.)
18      After service of the subpoena, Defendant's counsel continued
19 to assure Plaintiffs that the documents would be produced.  (Pls.'
20 Mot. Compel Attach. #2 Dec. Heather Herd 7-8, ECF No. 80.)  Because
21 FDIC-R could not "commit" to a date certain for production,
22 Plaintiffs filed this Motion to Compel on October 29, 2014.  (Id.
23 at 8.)

## II.  DISCUSSION

### A.  Legal Standard

26      "Parties may obtain discovery regarding any nonprivileged
27 matter that is relevant to any party's claim or defense . . . .
28 Relevant information need not be admissible at the trial if the

discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Rule 37 of the Federal Rules of Civil Procedure enables the propounding party to bring a motion to compel responses to discovery. Fed. R. Civ. P. 37(a)(3)(B). The party resisting discovery bears the burden of opposing disclosure. Miller v. Pancucci, 141 F.R.D. 292, 299 (C.D. Cal. 1992).

When ruling on a motion to compel, a court "'generally considers only those objections that have been timely asserted in the initial response to the discovery request and that are subsequently reasserted and relied upon in response to the motion to compel.'" Calderon v. Experian Info. Solutions, Inc., 290 F.R.D. 508, 516 n.4 (D. Idaho 2013) (citation omitted). When a party fails to provide any response or objection to interrogatories or document requests, courts deem all objections waived and grant a motion to compel. See Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) (finding that a party who failed to timely object to interrogatories and document production requests waived any objections); 7 James Wm. Moore et al., Moore's Federal Practice, § 33.174[2], at 33-106, § 34.13[2][a], at 34-56 to 34-56.1 (3d ed. 2012). "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of objection." Richmark, 959 F.2d at 1473.

**B. Plaintiffs' Motion**

Unlike most discovery disputes, Plaintiffs' Motion to Compel the production of documents and a witness for deposition did not focus on Defendant's objections to discovery requests. Instead,

the Plaintiffs were concerned with FDIC-R's ability to produce the documents and the witness for a deposition before the December 15, 2014 discovery cutoff date.  (Pls.' Mot. Compel Attach. #1 Mem. P. & A. 4, ECF No. 80.)  Indeed, the parties agree that Plaintiffs were entitled to complete the deposition of FDIC-R and obtain the additional relevant documents.  (See id; FDIC Opp'n Pls.' Mot. Compel 4, ECF No. 81.)  There is also no dispute that FDIC-R has produced the documents in question to Plaintiffs after the filing of the instant Motion. (FDIC Opp'n Pls.' Mot. Compel 4, ECF No. 81; Pls.' Reply 2, ECF No. 82.)  Plaintiffs' Reply, however, maintains that the Motion to Compel is not mooted by Defendant's production because FDIC-R redacted portions of documents without sufficient justification or explanation, and failed to produce all the relevant documents.  (Pls.' Reply 2-3, ECF No. 82.)

Plaintiffs allege that FDIC-R produced "extensively redacted" documents without offering either a privilege log or other information to explain the redactions.  (Id. at 4.)  They note that in some instances, Defendant produced duplicate records where some documents "contain redactions that are not included on identical duplicate documents."  (Id.)  In their Reply, Plaintiffs draw the Court's attention to monthly reports generated to analyze the status of loans issued on the property.  (Id. at 5.)  Plaintiffs claim that although FDIC-R produced "multiple duplicate copies of several of these reports[,] . . . the redactions vary from one copy to the next, even though the documents appear identical in all other aspects."  (Id.)  Plaintiffs argue that this discrepancy calls into question all redactions of the requested documents.  (Id. at 6.)

1    In addition to the discrepancies in the redactions, Plaintiffs
2 now claim that some redacted material appears to fall outside of
3 the privileged attorney-client communications or attorney work
4 product. (Id. at 4-5.) Jafari and First American Title point out
5 that attorney-client privilege cannot be used to avoid disclosure
6 of underlying facts referenced in a qualifying communication. (Id.
7 at 4.) Plaintiffs also state that neither the attorney-client
8 privilege nor the attorney work product doctrine extends to the
9 communications or materials generated by counsel acting in a
10 business capacity for a client. (Id. at 5.) They argue that many
11 of the redacted portions in the produced documents contain non-
12 privileged information, such as "well-known facts and/or
13 information generated by an attorney acting in a business or
14 administrative capacity, rather than as legal counsel." (Id.)
15    Plaintiffs also allege that FDIC-R failed to produce all
16 relevant responsive documents. (Id. at 6.) They note that in
17 response to their request for all documents related to Jafari's
18 administrative proof of claim with the FDIC-R, Defendant produced
19 the claim itself along with "a few computer database screen shots
20 and several almost entirely redacted email communications." (Id.)
21 Plaintiffs argue that other documents related to the denial should
22 exist and should have been produced. (Id.) Similarly, they claim
23 that Defendant failed to produce the documents illustrating FDIC-
24 R's administrative decision to add certain nonmonetary covenants to
25 the release agreement for the short sale of the property. (Id.)
26 Plaintiffs argue that because such decisions are made by an
27 administrator, they are not privileged -- even if informed by legal
28 counsel -- and should have been produced. (Id. at 6-7.) In any

1 event, Jafari and First American Title point out that Defendant
2 failed to provide a detailed privilege log justifying its
3 redactions.  (Id.)

4     It is clear that the Plaintiffs' complaint about the
5 sufficiency of Defendant's production arose after the Motion to
6 Compel was filed, and Plaintiffs' arguments in the Reply are being
7 raised for the first time.  The Plaintiffs' Motion to Compel was
8 brought to ensure that the Defendant produced the documents
9 pursuant to the subpoena prior to the discovery cutoff date.
10 (Pls.' Mot. Compel Attach. #1 Mem. P. & A. 16-17, ECF No. 80.)
11 Plaintiffs now acknowledge that Defendant has produced the
12 documents.  (Pls.' Reply 2-3, ECF No. 82.)  Indeed, in its
13 opposition to the Motion to Compel, Defendant claimed that the
14 "discovery items sought to be compelled by Plaintiff[s] were never
15 actually in dispute."  (FDIC Opp'n Pls.' Mot. Compel 4, ECF No.
16 81.)  "The FDIC-R has now produced the documents being sought by
17 Plaintiff and by the time of the scheduled hearing on the Motion on
18 December 1, 2014, the FDIC-R will have produced a witness for
19 deposition on November 21, 2014."  (Id.)  Because the relief sought
20 by the Plaintiffs in their Motion to Compel has been provided, the
21 Motion is DENIED as moot.

22     Nonetheless, Plaintiffs' Reply makes it clear that a new
23 controversy has arisen with respect to the sufficiency of the
24 production.  The new dispute is not properly raised by the
25 Plaintiffs' Reply. Carstarphen v. Milsner, 594 F. Supp. 2d 1201,
26 1204 n.1 (D. Nev. 2009) (declining to consider new arguments raised
27 in a reply) (citing United States v. Bohn, 956 F.2d 208, 209 (9th
28 Cir. 1992) (per curiam); Knapp v. Miller, 873 F. Supp. 375, 378 n.3

(D. Nev. 1994)). Additionally, there is no indication that the parties attempted to resolve the issues regarding any privileges prior to the filing of this motion. To the extent Jafari and First American Title challenge in their Reply the redactions FDIC-R made to the documents produced and allege they have not been provided with a privilege log, the parties must satisfy the meet-and-confer requirements to resolve this disagreement before seeking the intervention of the Court, as required by the Federal Rules of Civil Procedure and the Court's Local Rules. See Fed. R. Civ. P. 37(a) (establishing the meet-and-confer requirement and circumstances warranting the filing of a motion to compel); S.D. Cal. Civ. R. 26.1(a) ("The court will entertain no motion pursuant to Rules 26 through 37, Fed. R. Civ. P., unless counsel shall have previously met and conferred concerning all disputed issues.").

### III.  CONCLUSION

For the reasons above, Plaintiffs' Motion to Compel is DENIED as moot. The Court reserves its ruling on Plaintiffs' request for reasonable expenses in bringing the motion.

**IT IS SO ORDERED.**

Dated: December 5, 2014

Ruben B. Brooks
United States Magistrate Judge

cc: Judge Burns
    All Parties of Record