# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REZA JAFARI and FIRST AMERICAN TITLE INSURANCE COMPANY<br><br>　　　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for La Jolla Bank; et al.,<br><br>　　　　　　　　　　Defendants. | CASE NO. 12cv2982-LAB (RBB)<br><br>**ORDER DENYING APPLICATION TO FILE DOCUMENTS UNDER SEAL** |

In support of their opposition to the FDIC's motion to dismiss for lack of jurisdiction, or alternatively, motion for summary judgment (Docket no. 110), Plaintiffs have filed an application to file documents under seal. (Docket no. 122.)

There is a strong underlying presumption that the public will have access to any document filed with the Court. *See Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). The standard for sealing documents in support of briefing on a dispositive motion is high, and requires a showing that "compelling reasons" support a need for secrecy. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). If the request is granted, the Court's sealing order must weigh the competing interests and articulate the

/ / /

factual basis for its ruling without relying on hypothesis or conjecture, and the order must be narrowly tailored. *Id.* at 1179; *Press-Enterprise Co. v. Super. Ct.*, 478 U.S. 1, 13–14 (1986).

The only reason the motion gives for sealing is that the protective order (Docket no. 44) requires it. But the protective order was issued pursuant to the parties' joint motion, and does not include enough analysis to show that the high standard is met for sealing documents filed in support of briefing on a dispositive motion.

The motion is **DENIED WITHOUT PREJUDICE**. Plaintiffs may renew it by filing an *ex parte* application that shows why the standard is met, and permits the Court to make the findings necessary to satisfy the high standard for sealing such documents. Any renewed motion should also explain why the order that Plaintiff requests is narrowly tailored. For example, no more should be sealed than is necessary to serve the compelling interest that the Court must find. If the FDIC improperly designated the documents confidential, Plaintiffs may object to the designation using the procedure provided in the protective order.

**IT IS SO ORDERED**.

DATED: April 23, 2015

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge